IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel Mark Mixson, #24808, | ) | C/A No. 0:09-2454-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Marco T. Torres, Attorney; | ) | |
| Cassandra C. Winslow, Public Defender; | ) | |
| Jennifer K. Shealy, Asst. Solicitor; | ) | |
| Chief Deputy M. Lucas, Chas. Co. Det. Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Daniel Mark Mixson ("Plaintiff"), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. It appears that Plaintiff is a pretrial

detainee at the Charleston County Detention Center, and he files this action *in forma*

*pauperis* under 28 U.S.C. § 1915. The Complaint appears to name as defendants several

employees of governmental entities.[1] Plaintiff alleges that the defendants have violated

his Constitutional rights. Plaintiff seeks compensatory damages and release from the

detention center. Having reviewed the Complaint in accordance with applicable law, the

court concludes that it should be summarily dismissed based on failure to state a claim on

which relief may be granted and because certain defendants are immune from suit.

_____

[1]Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action
in which a prisoner seeks redress from a governmental entity or officer or employee of a
governmental entity."

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." <u>Denton</u>, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. <u>Neitzke</u>, 490 U.S. 319; <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a

potentially meritorious case. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

It appears that Plaintiff was incarcerated in August of 2008 at the Charleston County Detention Center on charges related to criminal domestic violence and burglary. (Compl., Docket Entry 1 at 3, 5.) Plaintiff alleges that he has not yet been tried on those charges, and it appears that he has not been released from jail on a bond. Plaintiff alleges that he was originally represented by Defendant Winslow, a public defender attorney, but that he is currently represented by Defendant Torres, a private attorney. (<u>Id.</u> at 3.) Plaintiff appears to allege that both of his attorneys violated his Constitutional rights in many ways

including by failing to: obtain his release from the detention center on a bond, bring him in person to all hearings, obtain a speedy trial, obtain all discovery materials, and obtain a dismissal of the charges against him due to his innocence. (Id. at 3-5.) Plaintiff alleges that Defendant Shealy, an assistant solicitor, violated his Constitutional rights by informing his attorney that she will file a motion for Plaintiff to be evaluated before she moves on with his case, due to her failure to dismiss the charges against him, and her failure to disclose all discovery materials. (Id. at 5.)

With respect to his prison conditions, Plaintiff alleges that Defendant Lucas is the chief deputy in charge of the Charleston County Detention Center and that he is responsible for the detention center officers' neglect. (Id. at 5-6.) Plaintiff alleges that the detention center officers have failed to reply to his written grievances, have failed to provide him law library books, and have failed to give him his prescribed medication which has caused him "black outs dizziness." (Id. at 4-6.) Plaintiff also alleges that he has "been assaulted by TAC team officer Walters, X TAC team officer Rowhan and threatened by C.P. Hood. I am in concern of my well being." (Id. at 6.)

Plaintiff seeks a dismissal of the "fictitious charges to case #0816206 warrants #K-354403 #K-354404," and Plaintiff seeks his release from the detention center. (Id. at 7.) Plaintiff requests compensatory damages based upon his pain and suffering, his ineffective assistance of counsel, improper medication, the denial of a law library and law books, and his being held against his will. (Id.)

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides' a method for vindicating federal rights elsewhere

conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## I. DEFENDANTS TORRES, WINSLOW, AND SHEALY

Defendant Winslow, who is alleged to be a public defender attorney, should be dismissed from this action because she did not act under color of state law. Similarly, defendant Torres, who is alleged to be a private attorney, should be dismissed because he did not act under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); cf. Vermont v. Brillon, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel, just as retained counsel, for a criminal defendant is not ordinarily considered a state actor). In Hall v. Quillen, 631 F.2d at 1154, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:



> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

Hall v. Quillen, 631 F.2d at 1155 (citations omitted); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because Defendants Winslow and Torres have not acted under color of state law, the plaintiff fails to state a cognizable claim against each of them under 42 U.S.C. § 1983.

This action is also subject to dismissal because it seeks monetary relief from a defendant who is immune from such relief. See Title 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. See S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310. Prosecutors, including Defendant Shealy, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 129 S.Ct. 855, 860-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id.; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Defendant Shealy's alleged wrongful conduct relates to her motion for an evaluation of Plaintiff before moving forward with the prosecution of his case, her failure to dismiss the charges against Plaintiff, and her failure to disclose all discovery

materials.  This alleged conduct is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff.  Therefore, Defendant Shealy has absolute immunity from this suit.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Moreover, to the extent this lawsuit may have been filed by Plaintiff so that this court would direct the State to dismiss the criminal charges against the Plaintiff, this court should abstain from interfering with the pending State charges.  A federal court may not award injunctive relief that would affect pending State criminal proceedings absent extraordinary circumstances.  In Younger v. Harris, the Supreme Court held that a federal court should not equitably interfere with State criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).  The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger v. Harris, 401 U.S. 37, 43-44 (1971).  From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate:   "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  In this case, Plaintiff is clearly involved in an ongoing State criminal proceeding.  The second criterion has been addressed by the Supreme Court:  "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the

considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Plaintiff should be able to vindicate his federal constitutional rights in the State proceedings. Therefore, it is appropriate and recommended that this court should abstain on his § 1983 lawsuit.

## II. DEFENDANT LUCAS

Defendant Lucas should be dismissed from this lawsuit because he is not alleged to have had any personal involvement in the deprivations suffered by Plaintiff. It appears that Plaintiff is bringing suit against Lucas because he is alleged to be the director or chief deputy of the Charleston County Detention Center. In other words, Lucas is being sued because he is a supervisor, manager, or somehow allegedly responsible for other detention center officers' conduct. However, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929 (4th Cir. 1977); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)). Liability cannot be imposed on defendant Lucas on the basis of actions taken by other law enforcement officials.[2]

---

[2]Plaintiff alleges that he was assaulted by several TAC team officers, but Plaintiff has not sued the offending officers. Also, Plaintiff does not sue an individual who deliberately failed to properly administer his medicine.

Notably, it is possible that Plaintiff is suing Defendant Lucas for his personal failure to provide an adequate law library for the detention center, and, thus Plaintiff may be claiming that Lucas denied Plaintiff's Constitutional right of access to the courts. However, Plaintiff failed to state a cognizable claim for several reasons. First, there is no Constitutional right to a law library or law books; the Constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Giarratano v. Johnson, 521 F.3d 298, 305 (4th Cir. 2008). Here, Plaintiff alleges that he has been represented by an attorney during the time of his incarceration at the detention center. See, e.g., Lewis, 518 U.S. at 351-52 (allegation that a law library is inadequate may not be a constitutional violation if a prisoner has access to legal advice). Also, it is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury resulting from the alleged denial. Id. at 349-353 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). In this case, Plaintiff does not allege any specific facts as to how his pending legal case, or any other legal matter, has been adversely affected due to his denial of access to legal materials, and, therefore, Plaintiff has failed to state a cognizable claim.

## III.    RELEASE FROM JAIL

Release from prison is not available relief in a civil rights action. See, e.g., Heck v. Humphrey, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks



immediate or speedier release, even though such a claim may come within the literal terms of § 1983").  If Plaintiff desires to bring an action seeking release from incarceration, he must file a habeas petition.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.  See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 9, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).