# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Mark Mixson, #24808, ) | Civil Action No. 0:09-2454-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Marco T. Torres, Attorney; ) | |
| Cassandra C. Winslow, Public Defender; ) | |
| Jennifer K. Shealy, Asst. Solicitor ) | |
| Chief Deputy M. Lucas, Chas. Co. Det. Center, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Daniel Mark Mixson ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983. At the time Plaintiff filed his complaint, Plaintiff was a pre-trial detainee at the Charleston County Detention Center. In his complaint, Plaintiff alleges that he was incarcerated on charges related to criminal domestic violence and burglary and that he has yet to be tried on those charges or released from jail on bond. Plaintiff alleges that Defendant Marco T. Torres ("Torres") and Defendant Cassandra C. Winslow ("Winslow") violated his constitutional rights by refusing to comply with Plaintiff's request for discovery materials, by failing to bring Plaintiff to all hearings, by failing to obtain a speedy trial, and by failing to obtain Plaintiff's release from pre-trial detention. Entry 1, 3-5. Plaintiff alleges that Defendant Jennifer K. Shealy ("Shealy") violated his constitutional rights by failing to timely file certain motions and comply with federal and state laws. Id. at 5. Plaintiff alleges Defendant Chief Deputy M. Lucas ("Lucas") violated his constitutional rights by failing to keep detention officers at the Charleston County Detention Center from refusing to administer prescribed medication to Petitioner, from refusing to provide Petitioner with law

library books, and from assaulting and threatening Petitioner. Id.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On October 9, 2009, the Magistrate Judge issued a Report and Recommendation in which she recommended that Plaintiff's complaint be summarily dismissed. Entry 7. The Magistrate Judge determined that (1) Defendants Torres, Winslow, and Shealy should be dismissed from this action because they are not subject to suit under 42 U.S.C. § 1983; (2) Defendant Lucas should be dismissed from this action because he is not alleged to have had any personal involvement in the deprivations alleged by Plaintiff; (3) Plaintiff's request for relief from jail is not an existing form of relief in § 1983 actions; and (4) this court should abstain from hearing this case under the Younger abstention doctrine. Id.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on October

9, 2009. Entry 9. In his objection, Plaintiff reiterates the allegations stated in his complaint. Plaintiff's objection includes several exhibits filed in support of his § 1983 claim. Entry 9-1. Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of the complaint and hereby adopts the Magistrate Judge's recommendations.

Under 42 U.S.C. § 1983, Plaintiff is required to allege in his complaint that (1) he was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. The Magistrate Judge correctly determined that Defendants Winslow (public defender) and Torres (private attorney) should be dismissed from this action because they did not act under color of state law. See Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (stating that a public defender ordinarily is not considered a state actor unless the public defender is acting on behalf of the state in "making hiring and firing decisions" or "while performing certain administrative and possibly investigative functions"); Hall v. Quillen, 631 F.2d 1154, 1154-56, nn. 2-3 (4th Cir. 1980) (recognizing that state action is a jurisdictional prerequisite for § 1983 actions and noting that court-appointed attorneys and public defenders cannot be held to have acted under color of state law in cases where the state action requirement has not been satisfied); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (finding that a private attorney who is hired to represent a criminal defendant does not act under color of state law). Because Plaintiff has failed to show state action on the part of Defendants Winslow and Torres, Plaintiff's § 1983 claim against Defendants Winslow and Torres is not cognizable.

Moreover, the Magistrate Judge correctly determined that Defendant Shealy (prosecutor)

should be dismissed from this action under the doctrine of absolute immunity. Prosecutors have absolute immunity when they are acting as "officers of the court." See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). To determine whether a prosecutor was acting as an "officer of the court," the relevant question is whether the conduct at issue was "intimately associated with the judicial phase of the criminal process." Id. Defendant Shealy's alleged wrongful conduct pertains to her failure to file certain motions, her failure to dismiss charges pending against Plaintiff, and her failure to disclose certain discovery documents. Because this alleged conduct is "intimately associated with the judicial phase of the criminal process," Defendant Shealy is entitled to absolute immunity from this action. See id at 431 n. 33 ("We recognize that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and action apart from the courtroom. . . . Preparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence); Springmen v. Williams, 122 F.3d 211, 213 (4th Cir. 1997) (concluding that "[t]he doctrine of absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution"); Carter v. Burch, 34 F.3d 257, 262 (4th Cir. 1994) (finding that a prosecutor who withheld from defense counsel evidence obtained during discovery was entitled to absolute immunity because the prosecutor's "decision was clearly intended by Imbler to be the type of prosecutorial function for which absolute immunity should be granted").

The Magistrate Judge also correctly determined that Defendant Lucas should be dismissed from this action because he is not alleged to have had any personal involvement in the alleged deprivations suffered by Plaintiff at the Charleston County Detention Center. Plaintiff alleges that Defendant Lucas should be liable because he supervised the detention officers that allegedly violated Plaintiff's constitutional rights. However, a § 1983 claim may not be based on vicarious liability or

respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 927-29 (4th Cir. 1977). The Magistrate Judge also correctly determined that Petitioner's request for release from prison is not an existing form of relief in a civil rights actions. See Heck v. Humphrey, 512 U.S. 477 (1994).

The Magistrate Judge recommended that to the extent Plaintiff filed this suit so that this court would direct the State to dismiss Plaintiff's pending criminal charges, this court should abstain from hearing this case under the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37, 43-44 (1971) (holding that federal courts should not interfere with state criminal proceedings absent exceptional circumstances); Martin Marietta Corp. v. Maryland Comm. on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)) (establishing the following test pursuant to Younger and its progeny: abstention is appropriate where "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings"). In his objection, Plaintiff does not dispute the Magistrate Judge's determination as to the Younger abstention issue. At the time Petitioner filed his objection, he was still in custody at the Charleston County Detention Center. After Petitioner filed his objection, he filed a notice of change of address with this court, listing his new address as a residence located in James Island, South Carolina. Because Petitioner did not address the Younger issue in his objection and because it is not entirely clear from the record whether Petitioner's state charges are still pending, the court adopts the reasoning set forth in the Magistrate Judge's Report and Recommendation and finds that abstention is appropriate in this case to the extent that Plaintiff filed this suit so that this court would direct the State to dismiss Plaintiff's pending criminal charges. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (finding that a district

court need not conduct a *de novo* review before accepting a magistrate judge's recommendation in the absence of a timely objection to the recommendation).

Accordingly, this action is hereby dismissed *without prejudice*. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED**.

                                        s/Margaret B. Seymour
                                        United States District Judge

May 3, 2010
Columbia, South Carolina